Kami M. Hoskins  (SBN: 026271)
**GORDON REES SCULLY MANSUKHANI, LLP**
Two North Central Avenue, Suite 2200
Phoenix, AZ 85004
Telephone: (602) 794-2468
Facsimile: (602) 265-4716
khoskins@grsm.com
*Attorneys for Defendant eXp Realty, LLC*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kimberly Ryan, an individual, | Case No. CV-20-00325-PHX-GMS |
| Plaintiff, | |
| v. | **ANSWER** |
| eXp Realty, LLC, a Washington limited liability company, | |
| Defendant. | |

For its Answer to the *Complaint* (the "Complaint") filed by Plaintiff Kimberly Ryan ("Plaintiff"), Defendant eXp Realty, LLC ("Defendant"), admits, denies, and alleges as follows:

1.      Defendant denies each and every allegation contained in the Complaint and each and every claim for relief thereof that Defendant does not expressly admit or otherwise plead, including without limitation, the allegations in the headings and subheadings of the Complaint.

2.      In response to Paragraph 1 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in said paragraph and therefore denies the same.  In further response to Paragraph 1, Defendant denies Plaintiff has any claim against Defendant.

3.      In response to Paragraph 2 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in said paragraph and therefore denies the same.

4.    In response to Paragraph 3 of the Complaint, Defendant admits it is a Washington limited liability company with its principal place of business in Bellingham, Washington. Defendant denies any remaining allegations in Paragraph 3.

5.    In response to Paragraph 4 of the Complaint, Defendant does not dispute this Court has jurisdiction over this case. Defendant denies any remaining allegations in Paragraph 4.

6.    In response to Paragraph 5 of the Complaint, Defendant does not dispute venue is proper in this Court. Defendant denies any remaining allegations in Paragraph 5.

7.    In response to Paragraph 6 of the Complaint, Defendant admits it employed Plaintiff from approximately February 15, 2018 to approximately December 5, 2019. In further response to Paragraph 6, Defendant affirmatively alleges it hired Plaintiff for the role of Executive Director of Education. Defendant denies any remaining allegations in Paragraph 6.

8.    In response to Paragraph 7 of the Complaint, Defendant admits it employed Plaintiff from approximately February 15, 2018 to approximately December 5, 2019. In further response to Paragraph 7, Defendant admits it employed Mary Frances Coleman in the role of Chief Operating Officer as of February 15, 2018. Defendant denies any remaining allegations in Paragraph 7.

9.    In response to Paragraph 8 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in said paragraph and therefore denies the same. To the extent Paragraph 8 alleges Defendant promised to pay Plaintiff 50% of Defendant's gross revenue generated by the eXp Mentor Program, Defendant denies such allegations.

10.    In response to Paragraph 9 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in said paragraph and therefore denies the same. To the extent Paragraph 9 alleges Defendant promised to pay Plaintiff 50% of the mentor program revenue, Defendant denies such

allegations.

11. Defendant denies the allegations in Paragraph 10 of the Complaint.

12. In response to Paragraph 11 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in said paragraph and therefore denies the same. To the extent Paragraph 11 alleges Defendant promised to pay Plaintiff compensation she did not receive, Defendant denies such allegations.

13. In response to Paragraph 12 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in said paragraph and therefore denies the same.

14. In response to Paragraph 13 of the Complaint, Defendant admits Alan Goldman and Scott Petronis met with Plaintiff in the summer of 2018. In further response to Paragraph 13, Defendant admits Goldman and Petronis discussed Plaintiff's compensation with her. Defendant denies any remaining allegations in Paragraph 13.

15. In response to Paragraph 14 of the Complaint, Defendant admits Alan Goldman and Scott Petronis met with Plaintiff in the summer of 2018. In further response to Paragraph 14, Defendant admits Goldman and Petronis discussed Plaintiff's compensation with her. Defendant denies any remaining allegations in Paragraph 14.

16. In response to Paragraph 15 of the Complaint, Defendant admits its mentor program launched in January 2019 and began to generate revenue. Defendant denies any remaining allegations in Paragraph 15.

17. In response to Paragraph 16 of the Complaint, Defendant admits its mentor program generated revenue by, among other things, fees from participants. Defendant denies any remaining allegations in Paragraph 16.

18. In response to Paragraph 17 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in said paragraph and therefore denies the same.

19. Defendant denies the allegations in Paragraph 18 of the Complaint.

1    20.    Defendant denies the allegations in Paragraph 19 of the Complaint.

2    21.    Defendant denies the allegations in Paragraph 20 of the Complaint.

3    22.    Defendant denies the allegations in Paragraph 21 of the Complaint.

4    23.    Defendant denies the allegations in Paragraph 22 of the Complaint.

5    **Count One (Breach of Contract)**

6    24.    In response to Paragraph 23 of the Complaint, Defendant incorporates herein

7    its responses to Paragraphs 1 through 22 of the Complaint.

8    25.    In response to Paragraph 24 of the Complaint, Defendant affirmatively

9    alleges such paragraph contains legal conclusions and analysis, which do not require a

10   response.  Defendant denies the remaining allegations in Paragraph 24 of the Complaint.

11   26.    Defendant denies the allegations in Paragraph 25 of the Complaint.

12   27.    Defendant denies the allegations in Paragraph 26 of the Complaint.

13   28.    In response to Paragraph 27 of the Complaint, Defendant affirmatively

14   alleges such paragraph contains legal conclusions and analysis, which do not require a

15   response.  Defendant denies the remaining allegations in Paragraph 27 of the Complaint.

16   29.    Defendant denies the allegations in Paragraph 28 of the Complaint.

17   30.    In response to Paragraph 29 of the Complaint, Defendant affirmatively

18   alleges such paragraph contains legal conclusions and analysis, which do not require a

19   response.  Defendant denies the remaining allegations in Paragraph 29 of the Complaint.

20   **Count Two (Arizona Wage Act)**

21   31.    In response to Paragraph 30 of the Complaint, Defendant incorporates herein

22   its responses to Paragraphs 1 through 29 of the Complaint.

23   32.    In response to Paragraph 31 of the Complaint, Defendant admits it employed

24   Plaintiff.  In further response to Paragraph 31, Defendant affirmatively alleges such

25   paragraph contains legal conclusions and analysis, which do not require a response.

26   Defendant denies the remaining allegations in Paragraph 31.

27   33.    In response to Paragraph 32 of the Complaint, Defendant admits it employed

28   Plaintiff.  In further response to Paragraph 32, Defendant affirmatively alleges such

-4-

1 paragraph contains legal conclusions and analysis, which do not require a response.

2 Defendant denies the remaining allegations in Paragraph 32.

3      34.   In response to Paragraph 33 of the Complaint, Defendant affirmatively

4 alleges such paragraph contains legal conclusions and analysis, which do not require a

5 response. Defendant denies the remaining allegations in Paragraph 33 of the Complaint.

6      35.   In response to Paragraph 34 of the Complaint, Defendant affirmatively

7 alleges such paragraph contains legal conclusions and analysis, which do not require a

8 response. Defendant denies the remaining allegations in Paragraph 34 of the Complaint.

9      36.   In response to Paragraph 35 of the Complaint, Defendant affirmatively

10 alleges such paragraph contains legal conclusions and analysis, which do not require a

11 response. Defendant denies the remaining allegations in Paragraph 35 of the Complaint.

12      37.   In response to Paragraph 36 of the Complaint, Defendant affirmatively

13 alleges such paragraph contains legal conclusions and analysis, which do not require a

14 response. Defendant denies the remaining allegations in Paragraph 36 of the Complaint.

15 **Count Three (Promissory Estoppel)**

16      38.   In response to Paragraph 37 of the Complaint, Defendant incorporates herein

17 its responses to Paragraphs 1 through 36 of the Complaint.

18      39.   Defendant denies the allegations in Paragraph 38 of the Complaint.

19      40.   Defendant denies the allegations in Paragraph 39 of the Complaint.

20      41.   In response to Paragraph 40 of the Complaint, Defendant affirmatively

21 alleges such paragraph contains legal conclusions and analysis, which do not require a

22 response. Defendant denies the remaining allegations in Paragraph 40 of the Complaint.

23      42.   In response to Paragraph 41 of the Complaint, Defendant affirmatively

24 alleges such paragraph contains legal conclusions and analysis, which do not require a

25 response. Defendant denies the remaining allegations in Paragraph 41 of the Complaint.

26      43.   In response to Paragraph 42 of the Complaint, Defendant affirmatively

27 alleges such paragraph contains legal conclusions and analysis, which do not require a

28 response. Defendant denies the remaining allegations in Paragraph 42 of the Complaint.

44.     In response to Paragraph 43 of the Complaint, Defendant affirmatively alleges such paragraph contains legal conclusions and analysis, which do not require a response.  Defendant denies the remaining allegations in Paragraph 43 of the Complaint.

## DEMAND FOR JURY TRIAL

45.     In response to Paragraph 44 of the Complaint, Defendant affirmatively alleges such paragraph contains legal assertions, which do not require a response.  In further response to Paragraph 44, Defendant does not intend to contest Plaintiff's request for a jury trial at this time.  Defendant denies any remaining allegations in Paragraph 44.

46.     Defendant further denies Plaintiff is entitled to any relief she seeks.

47.     Defendant expressly reserves the right to amend and/or supplement its Answer.

## AFFIRMATIVE DEFENSES

48.     The Complaint fails to state a claim upon which the Court can grant relief against Defendant.

49.     Plaintiff cannot show that a contract exists that obligates Defendant to pay Plaintiff any additional amounts.

50.     Plaintiff cannot show that an implied-in-fact or an implied-in-law contract exists that obligates Defendant to pay Plaintiff any additional amounts.

51.     Plaintiff cannot show the parties manifest their mutual assent to be bound by any contract under which Defendant has not performed.

52.     Plaintiff's breach of contract claim fails because Plaintiff cannot show Defendant materially breached any contract between the parties.

53.     Plaintiff's breach of contract claim fails because Defendant offered to change material terms of the contract, Plaintiff accepted that offer or offers, and sufficient consideration exists to support the modification or modifications.

54.     Plaintiff's breach of contract claim fails because she cannot show she was damaged.

55.     Plaintiff cannot state a claim for unpaid wages under the Arizona Wage Act,

A.R.S. § 23-350 *et seq.* ("AWA") because Defendant paid her all wages due to her.

56. Plaintiff is not entitled to treble damages under AWA because Defendant did not fail to pay wages due to Plaintiff.

57. Plaintiff is not entitled to treble damages under AWA because there is a reasonable good faith dispute as to the amount of wages due to Plaintiff, if any. *See* A.R.S. § 23-352.

58. Plaintiff cannot show Defendant made a clear and unequivocal promise to her to pay compensation she has not already received.

59. Plaintiff cannot show that she reasonably and detrimentally relied on any promise by Defendant to pay her any compensation she has not already received.

60. Plaintiff is not entitled to recovery of her attorneys' fees, costs, or pre- or post-judgment interest.

61. Plaintiff's claims are barred, in whole or in part, by accord and satisfaction.

62. Plaintiff's claims are barred, in whole or in part, by failure of consideration.

63. Plaintiff's claims are barred, in whole or in part, by estoppel.

64. Plaintiff's claims are barred, in whole or in part, by unclean hands.

65. Plaintiff's claims are barred, in whole or in part, by waiver.

66. Defendant asserts all other affirmative defenses, which may become applicable after discovery and disclosure in this matter, including without limitation, those set forth under FED. R. CIV. P. 8(c).

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant requests the Court dismiss Plaintiff's claims with prejudice. Defendant further seeks recovery of its attorneys' fees and costs under A.R.S. §§ 12-341 and 12-341.01.

///

///

///

///

1    RESPECTFULLY SUBMITTED this 5th day of March, 2020.

2

3                                     **GORDON REES SCULLY**
                                      **MANSUKHANI, LLP**

4

5                                     By:    /s/ Kami M. Hoskins
                                             Kami M. Hoskins
6                                            *Attorneys for Defendant eXp*
                                             *Realty, LLC*
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I hereby certify that on March 5, 2020, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

David C. Kresin, Esq.
**ROBAINA & KRESIN PLLC**
5343 North 16th Street, Suite 200
Phoenix, AZ 85016-3231
dck@robainalaw.com
*Attorneys for Plaintiff*


/s/ Shannon M. Berry

8011107/50448871v.1