**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kimberly Ryan, | No. CV-20-00325-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| eXp Realty LLC, | |
| Defendant. | |

Pending before the Court is Kimberly Ryan's ("Plaintiff") Motion in Limine (Doc. 79) and Plaintiff's Unopposed Motion to Reschedule Oral Argument Currently Set on February 25, 2022 (Doc. 84). For the reasons below, Plaintiff's Motions are denied.

**BACKGROUND**

Plaintiff is suing eXp Realty ("Defendant") for (1) breach of contract; (2) violating the Arizona Wage Act; and (3) promissory estoppel. (Doc. 1.) The Court denied summary judgment, and the case is set for trial beginning on May 24, 2022. (Doc. 75.) During discovery, Plaintiff deposed Scott Petronis, an out-of-state witness. (Doc. 34.) The deposition was conducted and recorded via the video teleconference software Zoom, and it was transcribed by a Court Reporter. (Doc. 79 at 1.) Plaintiff now wishes to present Mr. Petronis by deposition at trial. (Doc. 79 at 2.) However, instead of using the Court Reporter's transcript, she would like to use the Zoom recording of the deposition "in sync with the certified transcript." (Doc. 79 at 1.) Defendant has objected, arguing that the

video recording cannot be used because there was no certified videographer present at the deposition. (Doc. 82 at 1.) Defendant did not contemporaneously object to the lack of videographer. (Doc. 79 at 2); (Doc. 82 at 3).[1]

## DISCUSSION

"Unless the parties stipulate otherwise, a deposition must be conducted before an officer appointed or designated under Rule 28." Fed. R. Civ. P. 30(b)(5)(A). "Within the United States, . . . a deposition must be taken before: (A) an officer authorized to administer oaths either by federal law or by the law in the place of examination; or (B) a person appointed by the court where the action is pending to administer oaths and take testimony." Fed. R. Civ. P. 28(a)(1). The officer must "certify in writing that the witness was duly sworn and that the deposition accurately records the witness's testimony." Fed. R. Civ. P. 30(f)(1). "These procedures are designed to ensure that a neutral individual administers the oath and that the deposition is an accurate reflection of the witness's testimony." *Alcorn v. City of Chicago*, 336 F.R.D. 440, 442 (N.D. Ill. 2020).

Here, no party contests that the deposition was conducted without a certified videographer. Although an issue of first impression in this Circuit, the district court in *Alcorn v. City of Chicago* faced this exact issue and reasoned that the lack of videographer would make Zoom recordings inadmissible. 336 F.R.D. at 444  There, the Court Reporter refused to certify the accuracy of the Zoom recording because "it is a certified videographer," not the Court Reporter, "who has the appropriate training to serve as the Rule 28 officer, and ensure that a video deposition is properly recorded with established procedures to go on or off the record, limit noise and interruptions, address technical glitches, and frame the camera view on the witness." *Id.* at 443. Notably, had a certified videographer been present at Mr. Petronis's deposition, they would have no doubt instructed the parties to use "Spotlight View," which would have pinned the deponent's

---

[1] The Court ordered a Telephonic Status Conference on this Motion on February 15, 2022, setting the conference for February 25. (Doc. 83.) Plaintiff later filed Plaintiff's Unopposed Motion to Reschedule Oral Argument Currently Set for February 25, 2022. (Doc. 84.) Because this is Plaintiff's Motion, and Plaintiff is requesting expedited consideration, the Court will rule based on the briefs. Accordingly, Plaintiff's Motion is denied.

video feed as the one to be recorded. Instead, portions of the video are recorded with a screen share taking up most of the window; specifically, an exhibit is shown on more than half of the screen, and the deponent's video feed is small and difficult to see. (Doc. 82-1 at 2.) This view will be unhelpful for a jury because the deponent's body language is barely visible.

Although the Court recognizes that Defendant failed to object pursuant to Rule 32(d)(3)(B), Plaintiff has given no assurances of the amount of time the deponent's feed is minimized because an exhibit is displayed. Nor does Plaintiff explain how she plans to account for this problem. Leaving the video recording in this view for the jury will be unhelpful, and switching between the transcript and the video recording will be distracting. Given that the video recording violates the Federal Rules and will also be unhelpful or distracting to a jury, the Court denies Plaintiff's Motion.

## CONCLUSION

Because Plaintiff failed to comply with the Federal Rules of Civil Procedure, and because the video recording is not in the proper view for use by a jury, the Court denies the Motion. Accordingly, if Plaintiff intends to present Mr. Petronis by deposition, she must use the Court Reporter transcript.

**IT IS HEREBY ORDERED** that Plaintiff's Motion in Limine to Permit Use of Video of Scott Petronis Deposition and Request for Expedited Consideration (Doc. 79) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Unopposed Motion to Reschedule Oral Argument Currently Set for February 25, 2022 (Doc. 84) is **DENIED**.

**IT IS FURTHER ORDERED** vacating the telephonic conference scheduled for February 25, 2022 (Doc. 83).

Dated this 16th day of February, 2022.

_____
G. Murray Snow
Chief United States District Judge